**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **ELVIS FRANKLIN ET AL** | **CASE NO.  2:23-CV-00375** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 64] filed by plaintiff Elvis Franklin. Defendant opposes the motion. Doc. 67.

### I.
### BACKGROUND

This suit arises from a motor vehicle accident that occurred on October 12, 2021, between a car driven by plaintiff Elvis Franklin and a postal vehicle driven by United States Postal Service employee Reginald Ewing. Doc. 1, ¶¶ 11–12. Elvis Garrick was riding as a passenger in Mr. Franklin's vehicle. *Id.* at ¶ 11. Plaintiffs allege as follows: Mr. Franklin was traveling southbound on Third Avenue in Lake Charles, Louisiana, while Mr. Ewing approached eastbound on Second Street. *Id.* at ¶ 12. Mr. Ewing stopped at a stop sign at the intersection of Second Street and Third Avenue, then attempted to make a right turn southbound onto Third Avenue. *Id.* At this point he collided with Mr. Franklin's vehicle, causing injuries and damage. *Id.*

Mr. Garrick and Mr. Franklin filed suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, after timely presenting their claims

to USPS. *Id.* at ¶¶ 1–5. The matter was originally set for trial on April 14, 2025, with a defense expert report and disclosure deadline of December 30, 2024. Doc. 21. Defendant timely provided a report from Dr. Neil Romero, who was retained by the government to conduct an Independent Medical Examination of plaintiffs. *See* doc. 64, atts. 3 & 5. The trial was then continued after Mr. Garrick settled his claims. Docs. 35, 41. Mr. Franklin's claims are set for bench trial before the undersigned on April 13, 2026, and the defense expert report and disclosure deadline was reset for December 29, 2025. Doc. 50. The court granted the government's opposed motion to extend the deadline, resetting it for January 28, 2026. Doc. 56.

On February 2, 2026, the government provided plaintiff with a Second Medical Opinion by Dr. Romero. Doc. 64, att. 4. Mr. Franklin now brings this motion in limine, seeking to limit the testimony of defendant's expert Dr. Neil Romero on the grounds that the government did not timely provide his second opinion. Doc. 64. The government opposes the motion, arguing that it does not intend to introduce the second opinion as an exhibit and will instead rely on the first opinion along with Dr. Romero's testimony that plaintiff's subsequent surgery and treatment has not changed that opinion. Doc. 67.

## II.
### LAW & APPLICATION

**A.  Legal Standard**

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude

relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### B. Application

The government offers no excuse for its failure to timely disclose Dr. Romero's second medical opinion based on the extended expert disclosure deadline. Yet it maintains that it "does not intend to elicit testimony from Dr. Romero outside the opinions expressed in his initial 2024 report[.]" Doc. 67, p. 1. It thus asks that the court permit Dr. Romero's testimony that nothing in plaintiff's subsequent treatment has changed his opinion.

Rule 26(e)(2) provides that a party must supplement information given in its expert reports and that such supplements are due at the same time as pretrial disclosures made under Rule 26(a)(3). Fed. R. Civ. P. 26(e)(2). Under the court's scheduling order, these disclosures are due with the pretrial statement no later than March 16, 2026. Doc. 50, pp. 2–3. The scheduling order also provides that supplemental expert reports will only be permitted outside of the normal expert disclosure deadlines "upon a showing of good cause." *Id.* at 2. Accordingly, the second medical opinion is timely if it is properly classified as a supplemental opinion and the court finds good cause for such supplementation.

The purpose of Rule 26(e)(2) "is to prevent prejudice or surprise, not to provide an extension of the expert designation and report production deadline." *Diaz v. Con-Way Truckload Inc.*, 279 F.R.D. 412, 421 (S.D. Tex. 2012) (cleaned up). Permissible supplementation is thus limited to circumstances when "the information previously disclosed is incomplete or incorrect in some material respect." *Id.* The court may permit supplementation when an expert amends his list of supporting documents without altering his original opinions or report. *Energy Intelligence Grp., Inc. v. Kirby Inland Marine LP*, 2021 WL 12094474, at *2–*3 (S.D. Tex. Dec. 2, 2021). An opinion is not supplemental, on the other hand, if the expert offers "enhanced" opinions based on medical records that predated the original report. *Hebert v. Prime Ins. Co.*, 2020 WL 1922388, at *3 (W.D. La. Apr. 20, 2020).

Here, the government represents (and plaintiff does not refute) that the second opinion only represents Dr. Romero's conclusion that his original opinions have not changed even after review of plaintiff's subsequent medical and surgical treatment. Under

these circumstances, the court finds that the report is supplemental and that good cause exists for such supplementation. Accordingly, there is no basis for limiting Dr. Romero's testimony with respect to this opinion.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 64] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 6th day of March, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**